IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CURTIS SEABERRY,

                ORDER

      Petitioner,        16-cv-440-bbc

                07-cr- 159-bbc

  v.

UNITED STATES OF AMERICA,

      Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

  Petitioner Curtis Seaberry has filed a motion for post conviction relief under 28 U.S.C. § 2255. He contends that the crime of armed robbery, 18 U.S.C. § 2113(a) and (d), for which he was sentenced in 2008, is not a crime of violence under the residual clause in 18 U.S.C. § 924(e)(2)(B)(ii), which the Supreme Court held to be unconstitutionally vague in Johnson v. United States, 135 S. Ct. 2551 (2015). In addition, he contends that it does not qualify as a crime of violence under 18 U.S.C. § 924(c)(3).

  Not only is petitioner wrong in thinking that armed bank robbery is not a crime of violence, but he is mistaken in his belief that the Supreme Court's 2015 decision in Johnson v. United States, 135 S. Ct. 2551 (2015), is relevant to his sentence. In the first place, petitioner was sentenced under 18 U.S.C. § 2113 and 18 U.S.G. § 924(c)(1)(B), not under 922(g). As a result, he was never in danger of having his sentence increased under the residual clause in subsection (ii) of § 924(e)(2)(B), which applies only to persons who violate

1

§ 922(g). The decision in Johnson addressed only the definition of "violent felony" as related to § 922(g). In the second place, petitioner had no prior sentences for either serious drug offenses or violent felonies and thus no reason to worry about any increase in his sentence on this ground under the career offender guidelines.

Petitioner devotes many pages to his belief that armed bank robbery is not a crime of violence, but none of his argument needs to be discussed. If he believed at the time he was sentenced that he was being convicted improperly, he should have raised his concerns at that time or on direct appeal. It is too late for him to challenge his sentence at this time. 28 U.S.C. § 2255(f)(1) gives convicted persons one year from the date on which the judgment of conviction becomes final to file a motion under the statute. In petitioner's case, the judgment became final 90 days after he dismissed his direct appeal. Latham v. United States, 527 F.3d 651, 653 (7th Cir. 2008).

Under Rule 11 of the Rules Governing Section 2255 Proceedings, the court must issue or deny a certificate of appealability when entering a final order adverse to a petitioner. To obtain a certificate of appealability, the applicant must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); Tennard v. Dretke, 542 U.S. 274, 282 (2004). This means that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) (internal quotations and citations omitted). In this case, petitioner has not made the necessary showing, so no certificate will issue. Petitioner

2

is free to seek a certificate of appealability from the court of appeals under Fed. R. App. P. 22, but that court will not consider his request unless he first files a notice of appeal in this court and pays the filing fee for the appeal or obtains leave to proceed in forma pauperis.

Although the rule allows a court to ask the parties to submit arguments on whether a certificate should issue, it is not necessary to do so in this case because the question is not a close one.

ORDER

IT IS ORDERED that petitioner Curtis Seaberry's motion for post conviction relief under 28 U.S.C. § 2255 is DENIED. No certificate of appealability shall issue. Petitioner may seek a certificate from the court of appeals under Fed. R. App. P. 22.

Entered this 27th day of July, 2016.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge